UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK PHIPPS,<br><br>                    Petitioner,<br>         v.<br><br>RALPH DIAZ,<br><br>                    Respondent. | Civil No.   12-2428 GPC (MDD)<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR TOLLING AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed document entitled "Motion for Stay and Abeyance." In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that district courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines*, 544 U.S. at 276. The *Rhines* Court held that "a stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) quoting *Rhines*, 544 U.S. at 277.

In order for this Court to determine whether a stay should be granted, however, Petitioner must first *file a petition* that contains at least one exhausted claim. He must then demonstrate he satisfies the criteria set forth in *Rhines* for issuance of a stay, that is, he has good cause for his failure to exhaust, there are arguably meritorious claims which he wishes to return to state

court to exhaust <u>and</u> that he is diligently pursuing his state court remedies with respect to those claims. *Rhines*, 544 U.S. at 278; *Jackson*, 425 F.3d at 661; *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *Taylor*, 134 F.3d at 987; *see also Kelly*, 315 F.3d at 1070.

Petitioner has not filed a petition in this case, however, and because of that the motion for stay functions simply as a request to extend the one-year statute of limitations imposed by 28 U.S.C. § 2241(d)(1)(A)-(D). The Court is without jurisdiction to extend the statute of limitations which provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (2008).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Petitioner has not filed a Petition for writ of habeas corpus in this action. Therefore, because Petitioner does not appear to be a capital prisoner, he has not initiated habeas proceedings in this Court. *Calderon (Nicolaus) v. United States District Court*, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996) (stating that "[u]nlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal

habeas proceedings by filing a request for appointment of counsel"); *McFarland v. Scott*, 512 U.S. 849 (1994).

## CONCLUSION

For the foregoing reasons, Petitioner's request to toll the statute of limitations is **DENIED** without prejudice. If Petitioner wishes to proceed with his case, he must file a new habeas corpus petition, pursuant to 28 U.S.C. § 2254 which will be given a new case number. Petitioner is also advised that he must either pay the $5.00 filing fee or qualify to proceed in forma pauperis to proceed with a new case. ***The Clerk of Court is directed to mail Petitioner a blank petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 form and a blank motion to proceed in forma pauperis form, together with a copy of this Order.***

**IT IS SO ORDERED.**

**DATED: October 10, 2012**

*[signature]*
**HON. GONZALO P. CURIEL**
**United States District Judge**